By the Oourt.

Goodloe sued Claiborne in the County Court, where he recovered a judgment. Claiborne appealed to the Circuit Court, to prosecute which he gave a bond with William T. Lewis, Thomas Napier, and William Christmas, his securities. After the death of Christmas the cause was tried in the Circuit Court, where the appellee again recovered a judgment. He then moved for and obtained an affirmance of the judgment, with twelve and one half per centum per annum interest, against Claiborne, Lewis, and Napier only, suggesting at the same time the death of Christmas.
Claiborne conceiving this to be erroneous, appealed from the judgment to this Court.
. This is a joint and several bond. At common law Goodloe must have sued one or all of the obligors if alive; but if one or more were dead he could have sued the survivors jointly. 1 Hen. & Mun. 61; 3 Bac. Abr. 697, 698. The Act of 1789, Hay. Rev. 175, we believe to have made this alteration as to the obligee, that he may join the representatives of the deceased obligor with the survivors if he chooses, not that he shall be compelled to do so. The statute first recites that the rule of the common law, which declares that the right of action does not 'survive against the representatives of the deceased obligors, operates very unjustly towards the survivors. It then proceeds to enact, “ that in all joint obligations the representatives of the deceased obligor shall and may be liable jointly with the survivors,” etc. We believe the word shall, applies only as between the representatives and the survivors, so as to make them liable to him for their proportion, and that the word may, relates to the remedy by the obligee.
The same section converts obligations and assumpsits, which would at common law have been joint, into joint and several.